NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 2 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LKHAGVASUREN ERDENE ULZII,<br><br>Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No. 13-74427<br><br>Agency No. A201-004-563<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 26, 2016**

Before:     McKEOWN, WARDLAW, and PAEZ, Circuit Judges.

Lkhagvasuren Erdene Ulzii, a native and citizen of Mongolia, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

———————

*       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

**      The panel unanimously concludes this case is suitable for decision
without oral argument.   *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008), and we deny the petition for review.

Substantial evidence supports the agency's determination that Erdene Ulzii failed to establish past persecution or a fear of future persecution in Mongolia on account of a protected ground. *See Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) (the REAL ID Act "requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"); *Molina-Morales v. INS,* 237 F.3d 1048, 1051-52 (9th Cir. 2001) (personal retribution is not persecution on account of a protected ground); *see also INS v. Elias-Zacarias,* 502 U.S. 478, 481 n. 1 (1992) ("[t]o reverse the BIA finding we must find that the evidence not only *supports* that conclusion, but *compels* it") (emphasis in original). Thus, Erdene Ulzii's asylum and withholding of removal claims fail. *See Molina-Morales*, 237 F.3d at 1052.

Substantial evidence also supports the agency's denial of Erdene Ulzii's CAT claim because he failed to establish it is more likely than not he will be tortured by the Mongolian government, or with its consent or acquiescence. *See Silaya,* 524 F.3d at 1073. We reject Erdene Ulzii's contention that the IJ erred in

not fully considering his CAT claim.   *See Singh v. Holder*, 591 F.3d 1190, 1199

(9th Cir. 2010) (any error by the IJ was rendered harmless by the BIA's de novo

review of the issue).   Thus, Erdene Ulzii's CAT claim fails.

**PETITION FOR REVIEW DENIED.**